CALLAHAN, Circuit Judge,
concurring and dissenting in part:
I join all of Judge O’Scannlain’s opinion except for Section III C. I can find no justification in either the IDEA or case law for limiting an award of attorneys’ fees to a prevailing party based on when the student graduated. Rather, such a restriction fails to appreciate the IDEA and its carefully crafted provisions for attorneys’ fees.
The IDEA allows for attorneys’ fees, under certain conditions, for either the plaintiffs or defendants.[1] The IDEA fur *1096 ther contains provisions for insuring that the amount of attorneys’ fees is reasonable.[2] Here, as the majority notes, it was the School District and the State that continued this litigation well after KG.’s graduation. Thus, the only conceivable way that K.G.’s graduation might figure into the award of attorneys’ fees is under § 1415(i)(F)(iii) as supporting an assertion that “the time spent and legal services furnished were excessive considering the nature of the action or proceeding.”
But “graduation from high school does not necessarily eliminate the possibility of receiving benefits under IDEA.” McCormick v. Waukegan Sch. Dist. No. 60, 374 F.3d 564, 568 n. 1 (7th Cir. 2004). Furthermore, K.G.’s graduation has nothing to do with the reasonableness of his attorneys’ efforts in this litigation. True, no one would take away his diploma. But the fact that the County was willing to fund K.G.’s FAPE temporarily did not necessarily preclude a court from ordering otherwise.
In order to obtain the attorneys’ fees she had earned, KG.’s attorney had to stay in the litigation until the entry of a final judgment because only then could she be sure that K.G. was a prevailing party and could calculate her fees. Indeed, in this very case, the district court ruled in October 2013 — over three years after K.G. had graduated — that K.G. was not a prevailing party, and thus was not entitled to an award of attorneys’ fees. It took another year for K.G. to change the district court’s mind and procure an order that he was a prevailing party and was entitled to attorneys’ fees. Thus, when K.G. graduated from high school is simply not relevant to determining the reasonableness of the attorneys’ fees incurred in representing K.G. for over five years.
More importantly, the majority’s approach overlooks or denies the importance of attorneys’ fees in IDEA cases. The purpose of KG.’s suit under the IDEA was— as the majority recognizes — to ensure that he received a FAPE. But this is hardly the type of benefit that can be shared with an attorney. Accordingly, the IDEA provides for awards of attorneys’ fees where a child or parent prevails.[3] Without such a provision very few attorneys would take IDEA cases.
*1097 The cases cited by the majority for the proposition that the IDEA is “not a relief Act for lawyers” are inapposite. The comment was reiterated by Justice O’Connor in her concurring opinion in Farrar v. Hobby, 506 U.S. 103, 122, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), but she was addressing attorneys’ fees under 42 U.S.C. § 1988, not fees under the IDEA. Justice O’Connor was quoting Justice Rehnquist’s dissent in City of Riverside v. Rivera, 477 U.S. 561, 588, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986), which also concerned attorneys’ fees under § 1988, not the IDEA.
There are critical differences between claims under § 1983 which may include damages, and claims under the IDEA which for the most part, and certainly in this case, concern primarily providing children with FAPEs. See Payne v. Peninsula Sch. Dist., 653 F.3d 863, 873 (9th Cir. 2011) (en banc) (noting that monetary damages are ordinarily not available under the IDEA). Just months ago, the Supreme Court in Fry v. Napoleon Community Schools, — U.S. —, 137 S.Ct. 743, 752-55, 197 L.Ed.2d 46 (2017), carefully set forth a number of differences between claims under the IDEA and claims under other overlapping statutes.[4] Opinions such as Fry disavow any suggestion that the IDEA can be analogized to § 1983.
Finally, the majority’s questioning of “the need for any significant advocacy on behalf of K.G. following the student’s high school graduation,” Majority at 1094, is at odds with our standard of review of a district court’s award of attorneys’ fees under the IDEA. We review an award of attorneys’ fees for abuse of discretion. Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69, 374 F.3d 857, 861 (9th Cir. 2004). The underlying factual determinations are reviewed for clear error and the legal analysis relevant to the fee determination is reviewed de novo. Id; see also T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist., 806 F.3d 451, 474 (9th Cir. 2015). Here, when K.G. graduated from high school has little, if any relevance, to the factual determination of the reasonableness of the attorneys’ fees incurred during this law suit that commenced in 2010. Furthermore, the majority cites no authority for the proposition that K.G.’s date of graduation is relevant, *1098 as a matter of law, to the determination of the reasonableness of the attorneys’ fees.
Requiring the district court to re-evaluate its award of attorneys’ fees based on the date of KG.’s graduation from high school is contrary to the spirit of the IDEA and its carefully crafted provisions for attorneys’ fees, improperly analogizes the IDEA to § 1983, and is at odds with our standard of review of attorneys’ fee awards. Accordingly, I dissent from Section III C of the majority’s opinion, and would affirm the district court on all issues.

. 20 U.S.C. § 1415(i)(B) states:
(B) Award of attorneys’ fees (i) In general
In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs—
(I)to a prevailing party who is the parent of a child with a disability;
(II) to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or
(III) to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, *1096 or to needlessly increase the cost of litigation.

. 20 U.S.C. § 1415(i)(F) and (G) provide:
(F) Reduction in amount of attorneys’ fees Except as provided in subparagraph (G), whenever the court finds that—
(I) the parent, or the parent's attorney, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy;
(ii) the amount of the attorneys’ fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience;
(iii) the time spent and legal services furnished were excessive considering the nature of the action or proceeding; or
(iv) the attorney representing the parent did not provide to the local educational agency the appropriate information in the notice of the complaint described in subsection (b)(7)(A),
the court shall reduce, accordingly, the amount of the attorneys’ fees awarded under this section.
(G) Exception to reduction in amount of attorneys’ fees
The provisions of subparagraph (F) shall not apply in any action or proceeding if the court finds that the State or local educational agency unreasonably protracted the final resolution of the action or proceeding or there was a violation of this section.

. See S. Rep. No. 99-112, at 13 (1985) ("It is the committee’s intention that a parent or legal representative should be free to select and be represented by the attorney of his/her choice.”).

. For example, the Supreme Court noted:
If a lawsuit charges [the denial of a FAPE], the plaintiff cannot escape § 1415(1) merely by bringing her suit under a statute other than the IDEA — as when, for example, the plaintiffs in Smith claimed that a school’s failure to provide a FAPE also violated the Rehabilitation Act. Rather, that plaintiff must first submit her case to an IDEA hearing officer, experienced in addressing exactly the issues she raises. But if, in a suit brought under a different statute, the remedy sought is not for the denial of a FAPE, then exhaustion of the IDEA's procedures is not required.
137 S.Ct. at 754 (footnote omitted). It further explained:
The IDEA, of course, protects only "children” (well, really, adolescents too) and concerns only their schooling. § 1412(a)(1)(A). And as earlier noted, the statute’s goal is to provide each child with meaningful access to education by offering individualized instruction and related services appropriate to her "unique needs.” § 1401(29); see Rowley, 458 U.S. at 192, 198, 102 S.Ct. 3034; supra, at 753-754. By contrast, Title II of the ADA and § 504 of the Rehabilitation Act cover people with disabilities of all ages, and do so both inside and outside schools. And those statutes aim to root out disability-based discrimination, enabling each covered person (sometimes by means of reasonable accommodations) to participate equally to all others in public facilities and federally funded programs. See supra, at 749-750. In short, the IDEA guarantees individually tailored educational services, while Title II and § 504 promise non-discriminatory access to public institutions.
Id. at 755-56.